UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 09-32251 LMW |
| Maria A. Warner | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| Wells Fargo Financial America, Inc. | ) | |
| Movant | ) | Chapter 13 |
| vs. | ) | |
| | ) | |
| Maria A. Warner | ) | |
| | ) | |
| Debtor | ) | April 15, 2011 |
| and | | |
| | ) | |
| Molly T. Whiton | ) | |
| Trustee | ) | |

## MOTION FOR RELIEF FROM STAY

1. The Movant, Wells Fargo Financial America, Inc. holds a mortgage dated September 14, 2006, on the real property located at 118 North Atwater Street, East Haven, Connecticut, to secure a loan in the original principal amount of $166,832.78.

2. This mortgage is recorded on the Land Records of the Town of East Haven, County of New Haven, and the State of Connecticut.

3. The Debtor remains in possession of said premises.

4. The Debtor filed a petition in the Bankruptcy Court under Chapter 13 of the United States Bankruptcy Code on August 15, 2009.

5. The fair market value of the real property is $200,000.00.

6. The amount due and owing to the Movant is $189,225.89.

7. No interest or principal payments are being made to the Movant by the Debtor post petition, and the Movant lacks adequate protection.

8. The last payment received from Debtor was for the month of January, 2011.

9. The Debtor is in arrears in the amount of $2,290.00.

10. A party in interest is entitled to relief from stay pursuant to 11 U.S.C. §362(d)(1), for cause, including lack of adequate protection of its interest in the subject property. The Debtor has not provided adequate protection of Movant's interest in their property on the above obligation and therefore the Movant is entitled to relief from stay pursuant to 11 U.S.C. §362(d)(1) for cause.

11. A party in interest is entitled to relief from stay pursuant to 11 U.S.C. §362(d)(2) if the Debtor has no equity in the Property and the Property is not necessary for an effective reorganization.

12. The Movant also requests that this court order that Bankruptcy Rule 4001(a)(3) is not applicable so that the Movant may immediately enforce and implement the requested order modifying the automatic stay.

13. Further, to the extent that there exists a co-Debtor stay under 11 U.S.C. §1301(a), the Movant requests that the same be modified, as to the Movant, to allow the Movant to foreclose its mortgage on the subject premises.

**WHEREFORE**, the Movant requests relief from the Stay pursuant to 11 U.S.C. §362(d) and 11 U.S.C. §1301(a) if applicable by allowing the Movant to foreclose its interests in the Debtor's real property known as 118 North Atwater Street, East Haven, CT. The Movant further requests relief from stay to allow the Movant or its servicing agent, at its option, to contact the Debtor by telephone or written correspondence and, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. If the Debtor received a Chapter 7 discharge after the Movant's loan was originated, any such agreement being non-recourse.

Movant finally requests that Fed.R.Bankr.P. 4001(a)(3) be declared inapplicable and that the Movant may immediately enforce the order.

Wells Fargo Financial America, Inc.

By:   /s/Gary J. Greene_____
    Gary J. Greene, Esq.
    Greene Law, P.C.
    11 Talcott Notch Rd.
    Farmington, CT 06032
    Fed. Bar No. CT09039
    860.676.1336 (T)
    860.676.2250 (F)
    Its Attorney
    ggreene@greenelawpc.com